IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danielle Bryant )<br><br>*Plaintiffs,* )<br>vs. )<br>)<br>)<br>Sheriff of Cook County and )<br>Cook County, Illinois, )<br>*Defendants.* | FILED: MARCH 11, 2009<br>09CV1546<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE DENLOW<br>CH |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. Sect. 1983. The jurisdiction of this Court is conferred by 28 U.S. C. Sect. 1343.

2. Plaintiff Danielle Bryant is a resident of the Northern District of Illinois and a former inmate at the Cook County Jail. The plaintiff was pregnant when she entered the Cook County Jail on August 9, 2008.

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4. Pursuant to the policies and/or practices of defendant Sheriff, the plaintiff was transferred to Sheriff's MOM's program, an off-site, residential drug treatment program run by the Haymarket Center

5. Plaintiff went into labor on September 22, 2008 and was taken by a counselor from the Haymarket Center to Stroger Hospital. Ms. Bryant was not handcuffed or otherwise retrained while she was taken to the hospital.

6. After being assigned to a labor and delivery room, and in accordance with the policies and/or practices of the defendants, a deputy sheriff shackled plaintiff's foot to the hospital bed.

7. Plaintiff's foot remained shackled to the hospital bed for approximately twelve hours while she was in labor. An armed deputy sheriff remained in the hospital room while plaintiff was in labor.

8. Immediately prior to the birth of plaintiff's child at approximately 8:00 a.m. on September 23, 2008, the deputy sheriff unshackled plaintiff's at the request of the attending physician. The plaintiff's foot was re-shackled to the bed by the deputy sheriff after the child was born.

9. After the delivery of the baby, plaintiff was removed from the labor and delivery room and assigned to a room within the hospital. In accordance with the defendants policies and practices, the plaintiff's hand and foot were shackled to the bed.

10. Plaintiff remained hospitalized at Stroger until the evening of September 25, 2008. During this period, the plaintiff's hand and foot were shackled to the bed with the exception that the shackle was removed from the plaintiff's hand when she was feeding her baby.

11. The plaintiff was deprived of rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States by defendants' above described policy.

12. At all times relevant, there was in force and effect an Illinois statue compiled as 55 ILCS 5/3-15003.6 which provided as follows:

**Pregnant female prisoners.** Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a

medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

13. Defendants have failed and or refused to implement the above referred Illinois statue.

14. As a direct and proximate result of the defendants' shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

15. Plaintiffs hereby demand trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor in an amount in excess of one hundred thousand dollars, and that the Court grant whatever relief as may be appropriate.

/s/ Thomas G. Morrissey
One of the Attorneys for the Plaintiff


Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)-233-7900


Kenneth N. Flaxman
200 S. South Michigan
Suite 1240
Chicago, Il. 60604-2430
(312) 427-3200