IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIELLE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 1546 |
| | ) | |
| v. | ) | Judge: Gottschall |
| | ) | Magistrate Judge: Denlow |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants' | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW come DEFENDANTS, TOM DART, SHERIFF OF COOK COUNTY, and THE COUNTY OF COOK, by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County and her assistant, Nicole M. Torrado, and answer Plaintiff's Complaint as follows:

1. This is a civil action arising under 42 U.S.C. Sect. 1983. The jurisdiction of this Court is conferred by 28 U.S.C. Sect. 1343.

ANSWER: Defendants admit the allegations in paragraph one.

2. Plaintiff Danielle Bryant is a resident of the Northern District of Illinois and a former inmate at the Cook County Jail. The plaintiff was pregnant when she entered the Cook County Jail on August 9, 2008.

ANSWER: Defendants admit that Plaintiff entered the Cook County Department of Corrections on August 9, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph two.

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to Carver v. Sheriff of LaSalle County, 324 F.3d 947 (7th Cir. 2003).

ANSWER: Defendants admit the allegations in paragraph three.

1

4. Pursuant to the policies and/or practices of defendant Sheriff, the plaintiff was transferred to Sheriff's MOM's program, an off-site, residential drug treatment program run by the Haymarket Center.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four.

5. Plaintiff went to labor on September 22, 2008 and was taken by a counselor from the Haymarket Center to Stroger Hospital. Ms. Bryant was not handcuffed or otherwise retained while she was taken to the hospital.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five.

6. After being assigned to a labor and delivery room, and in accordance with the policies and/or practices of the defendants, a deputy sheriff shackled plaintiff's foot to the hospital bed.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six.

7. Plaintiff's foot remained shackled to the hospital bed for approximately twelve hours while she was in labor. An armed deputy sheriff remained in the hospital room while plaintiff was in labor.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven.

8. Immediately prior to the birth of plaintiff's child at approximately 8:00 a.m. on September 23, 2008, the deputy sheriff unshackled plaintiff's at the request of the attending physician. The plaintiff's foot was re-shackled to the bed by the deputy sheriff after the child was born.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight.

9. After the delivery of the baby, plaintiff was removed from the labor and delivery room and assigned to a room within the hospital. In accordance with the defendants' policies and practices, the plaintiff's hand and foot were shackled to the bed.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.

10. Plaintiff remained hospitalized at Stroger until the evening of September 25, 2008. During this period, the plaintiff's hand and foot were shackled to the bed with the exception that the shackle was removed from the plaintiff's hand when she was feeding her baby.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten.

11. The plaintiff was deprived or rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States by defendants' above described policy.

ANSWER: Defendant's deny the allegations in paragraph eleven.


12. At all times relevant, there was in force and effect an Illinois statue compiled as 55 ILCS 5/3/-15003.6 which provides as follows:

**Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate

personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

    ANSWER: Defendants admit the allegations in paragraph 12.

    13.    Defendants have failed and or refused to implement the above referred Illinois statute.

    ANSWER: Defendants deny the allegations in paragraph 13.

    14.    As a direct and proximate result of the defendants' shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

    ANSWER: Defendants deny the allegations in paragraph 14.

## AFFIRMATIVE DEFENSES

NOW come DEFENDANTS, TOM DART, SHERIFF OF COOK COUNTY, and THE COUNTY OF COOK, by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County and her assistant, Nicole M. Torrado, and plead the following:

    1.    The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004).

## JURY DEMAND

Defendants respectfully demand trial by jury.

    Respectfully submitted,

    ANITA ALVAREZ
    COOK COUNTY STATE'S ATTORNEY

By:    /s/ Nicole M. Torrado.
    Nicole M. Torrado
    Assistant State's Attorney
    500 Richard J. Daley Center

Chicago, IL 60602
(312) 603-5463
ARDC # 6284147