IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIELLE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 1546 |
| | ) | |
| v. | ) | Judge: Gottschall |
| | ) | |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS FOR WANT OF PROSECUTION

NOW COME THE DEFENDANTS, SHERIFF OF COOK COUNTY AND COOK COUNTY ILLINOIS, by their attorney Anita Alvarez, Cook County State's Attorney, by and through her assistant, Patrick Smith, and pursuant to Federal Rule of Civil Procedure 41(b), move to dismiss the instant case for want of prosecution. In support of this motion, Defendants state as follows:

### INTRODUCTION

This case is an action arising under 42 U.S.C. § 1983. The Plaintiff alleges that she was restrained in an unconstitutional manner when pregnant and giving birth while in the custody of Defendant Sheriff.

This case was filed on March 11, 2009. (Dkt. 1.) Discovery closed on November 30, 2009. (Dkt. 30.) The last action Plaintiff took in this matter was, through counsel, attending a status hearing on December 9, 2009, where she indicated to this Court her intention to file a motion for summary judgment. (Dkt. 31.) This Court gave Plaintiff until January 15, 2010 to file her motion. (Dkt. 31.) To date, Plaintiff has not filed a motion for summary judgment,

made any other motion, or taken any action on this case since the December 9, 2009 status hearing.

On May 18, 2010, Defendants served on Plaintiff's counsel a series of requests to admit facts pursuant to Fed. R. Civ. P. 36. Defendants have yet to receive any response to the requests to admit or any other communication from Plaintiff or Plaintiff's counsel regarding this case even though her responses were due thirty days later, on or about June 18, 2010.

For the following reasons, this case should be dismissed for want of prosecution.

<u>ARGUMENT</u>

A defendant may move for dismissal when a plaintiff fails to prosecute a case or fails to comply with the Federal Rules or a court order. Fed. R. Civ. P. 41(b). The decision to dismiss a claim for want of prosecution is left to the discretion of the district court. *Sisk v. United States*, 756 F.2d 497, 499 (7th Cir. 1985) (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1229 (7th Cir. 1983)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.,* 370 U.S. 626, 629 (1962). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts. *Id.*

The last participation by Plaintiff or her counsel in this case was attendance at the December 9, 2009 status hearing. Plaintiff has not taken any further action with respect to this case in 203 days. Defense counsel has attempted, on numerous occasions, to discuss Plaintiff's case with her counsel, in formal and informal mediums, but Plaintiff's counsel have made no indication they intend to pursue this claim. Because of this delay by Plaintiff and her counsel,

Defendants are forced to keep the file on this case open, despite receiving no indication that Plaintiff intends to pursue this action.

Local Rule 41.1 provides that "[c]ases which have been inactive for more than six months may be dismissed for want of prosecution." This case qualifies. The last action was December 9, 2009, nearly seven months ago. "Rule 41(b) puts the burden on the plaintiff to take action--to persuade the district court either to specify that a dismissal is without prejudice, or to vacate the dismissal." *LeBeau v. Taco Bell*, 892 F.2d 605, 608 (7th Cir. 1989).

The recent grant of class certification in the related case *Zaborowski v. Sheriff of Cook County*, 08-cv-6946 (St. Eve, J.), does not affect the instant case. Plaintiff Bryant here opted out of the proposed class before it was certified. *See Zaborowski*, 08-cv-6946, Dkt. 46 at 13 n.2, Plaintiffs' Reply in Support of Class Certification, ("Plaintiff[s] do not, and will not, 'seek to join' the plaintiffs in those three individual cases [*Bryant*; *Morales v. Dart*, 09-cv-3546; and *Embry v. Dart*, 09-cv-3470] as class members."). Plaintiff's counsel here are also the class counsel in *Zaborowski* and were the individual counsel for *Morales* and *Embry*, which have been settled. Because Plaintiff Bryant here opted out of the class, her case continues on its own.

Defendants attempted to call the attention of Plaintiff's counsel to this case's inactivity multiple times. On May 18, 2010, Defendants served written requests to admit on Plaintiff's counsel under Rule 36. Even after the 30-day deadline expired on those requests, there was no response. On May 28, 2010, Defendants cited Plaintiff's counsel's inactivity on this case as a partial basis for their inability to competently handle the larger class action suit. (*Zaborowski*, Defendants' Memorandum in Opposition to Plaintiffs' Third Motion for Class Certification, Dkt. 80 at 10-11.) However, despite the clear admonition that Plaintiff's counsel have "dropped the

ball" in this case, they have done nothing in the intervening weeks to pick it back up. (*Zaborowski*, Dkt. 80 at 11.)

<u>CONCLUSION</u>

Because Plaintiff and Plaintiff's counsel have remained inactive on this case for more than six months, despite Defense counsel's best attempts to alert them, this case should be dismissed, with prejudice, for want of prosecution under Rule 41(b) and Local Rule 41.1.  In the alternative, Defendants request that this Court deem as admitted the Defendant's Request to Admit served on Plaintiff's counsel on May 18, 2010, pursuant to Rule 36(a)(3) because there has been no response in over thirty days.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:      /s/ Patrick S. Smith
         Patrick S. Smith
         Deputy Supervisor
         Conflicts Counsel
         69 W. Washington
         Suite 2030
         Chicago, Il 60602
         (312) 603-1422