IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 1546 |
| | ) | |
| v. | ) | Judge: Joan B. Gottschall |
| | ) | |
| SHERIFF OF COOK COUNTY and COOK COUNTY ILLINOIS, | ) ) | |
| | ) | |
| Defendants. | ) | |

### **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, by their attorney Anita Alvarez, State's Attorney of Cook County, by and through her assistant, Patrick Smith, and pursuant to Federal Rule of Civil Procedure 56, move for summary judgment to be granted in their favor and against the Plaintiff. In support of this motion, Defendants state as follows:

### **INTRODUCTION**

1. Plaintiff is a former pretrial detainee who was lawfully remanded to the custody of Defendant Sheriff Dart on charges of stealing $545 from a hospital on August 9, 2008. (56.1(a), 1-2, 7-8; Compl., Ex. 1, ¶¶ 7-8; Dep. of Bryant, Ex. 3 at 15, Lines 12-22.) Plaintiff was eight months pregnant upon entering the Cook County Department of Corrections. (56.1(a), 7; Defs'. Req. to Admit, Ex. 2, ¶¶ 1-3.) Plaintiff was transferred to Sheriff's "MOM's" program, an off-site housing and drug rehabilitation program. (56.1(a), 9-10; Compl., Ex. 1, ¶ 4; Defs'. Req. to Admit, Ex. 2, ¶ 6.)

2. Plaintiff was transported by MOM's staff to John H. Stroger Hospital on September 22, 2008. (56.1(a), 11; Compl., Ex. 1, ¶ 5.) Plaintiff was not shackled or restrained during

1

transit. (56.1(a), 12; Defs'. Req. to Admit, Ex. 2, ¶ 8.) Plaintiff was allowed to walk about the hospital for six hours to aid in dilation. (56.1(a), 13; Defs'. Req. to Admit, Ex. 2, ¶ 9.)

3. Plaintiff was not shackled or restrained at any point during her active labor. (56.1(a), 14; Compl., Ex. 1, ¶ 8; Defs'. Req. to Admit, Ex. 2, ¶ 11.)

4. Plaintiff alleges that she was shackled after giving birth until her discharge from the hospital on September 25, 2008. (56.1(a), 16; Compl., Ex. 1, ¶ 10.) Plaintiff was generally restrained after giving birth. (56.1(a), 16; Compl., Ex. 1, ¶ 10.) Plaintiff's handcuff was removed to allow her to feed her newborn. (56.1(a), 16; Compl., Ex. 1, ¶ 10.)

5. Plaintiff brings this suit against Sheriff Thomas Dart, in his official capacity only, and Cook County. Plaintiff seeks only monetary relief. (56.1(a), 2, 6; Compl., Ex. 1, ¶¶ 3, 15.)

6. Plaintiff claims pursuant to 42 U.S.C. § 1983 violations of her rights secured by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. (56.1(a), 5; Compl., Ex. 1, ¶¶ 11-14.) Plaintiff further claims Defendants violated her rights secured by Illinois law, specifically 55 ILCS 5/3-15003.6. (56.1(a), 5; Compl., Ex. 1, ¶¶ 11-14.)

**GROUNDS ENTITLING DEFENDANTS TO SUMMARY JUDGMENT**

7. Defendants are entitled to summary judgment for the following reasons:

   a. Defendants did not violate Plaintiff's constitutional rights, because the restraints applied to Plaintiff after she had given birth were rationally related to a legitimate, non-punitive governmental purpose. Plaintiff was a lawfully detained pre-trial

    detainee charged with stealing from a hospital. Restraining Plaintiff served to protect the other patients and staff at the hospital. Plaintiff's charges of stealing from a hospital gave Defendants a legitimate, non-punitive interest in restraining her during her stay at John Stroger hospital. Further, Plaintiff's bail violations demonstrated that Plaintiff is unwilling to abide by the laws of the criminal justice system.

b. The restraints applied to Plaintiff after she had given birth were not apparently excessive in relation to the legitimate non-punitive governmental purpose they allegedly served. Plaintiff's charge of stealing money from a hospital demonstrated a need to restrain Plaintiff in order to protect the hospital and its patients.

c. Plaintiff was not restrained or shackled during transport to John Stroger Hospital. (56.1(a), 12; Compl., Ex. 1, ¶ 5.) Therefore, Defendants did not violate Illinois law forbidding restraint of pregnant inmates during transport to the hospital for the purpose of delivering their children.

d. Plaintiff was not restrained during active labor. (56.1(a), 14; Defs'. Req. to Admit, Ex. 2, ¶ 9.) Therefore, Defendants did not violate Illinois law forbidding shackling a pregnant inmate who is in labor.

e. Defendant did not violate Illinois law by restraining Plaintiff after she had given birth. Illinois Statute 55 ILCS 5/3-15003.6 does not forbid the restraint of pre-trial detainees after they have given birth.

f. Plaintiff does not present any injuries that entitle her to recover. Plaintiff's right ankle was not injured by her post-natal restraint. (56.1(a), 19; Defs'. Req. to Admit, Ex. 2, ¶ 10.) Plaintiff alleges "great emotional and physical pain and suffering." (56.1(a), 18; Compl., Ex. 1, ¶ 14; Defs'. Req. to Admit, Ex. 2, ¶ 12.) However,

    Plaintiff did not seek treatment for her alleged emotional pain and suffering. (56.1(a), 18; Compl., Ex. 1, ¶ 14; Defs'. Req. to Admit, Ex. 2, ¶ 12.) Plaintiff does not offer any evidence of emotional, mental, or physical injury.

8. In support of their Motion for Summary Judgment, Defendants attach hereto and incorporate by reference, the factual assertions, legal arguments, and authorities cited in their Rule 56.1 Statement to which they contend there is no genuine issue of material fact, and in their supporting Memorandum of Law.

    WHEREFORE, Defendants pray that this Honorable Court enter judgment in their favor, and against the Plaintiff, by granting Defendants' Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 and Illinois state law claims. Further, Defendants pray that this Court order Plaintiff to pay Defendants' reasonable attorney's fees and order any other relief that is just and appropriate.

    Respectfully Submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County

By:   /s/ Patrick S. Smith
      Patrick S. Smith
      Deputy Supervisor
      Conflicts Counsel Unit
      69 W. Washington, 20th Flr.
      Chicago, Il 60602
      (312) 603-1422