IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 1546 |
| | ) | |
| v. | ) | Judge: Joan B. Gottschall |
| | ) | |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, by their attorney Anita Alvarez, State's Attorney of Cook County, by and through her assistant, Patrick Smith, and pursuant to Local Rule 56.1(a)(2), state as follows in support of their Motion for Summary Judgment: [1]

## INTRODUCTION

This 42 U.S.C. § 1983 action arises from Plaintiff's allegation that, while she was pregnant and in the custody of the Defendant Sheriff of Cook County, she was restrained to her hospital bed before and after childbirth. Plaintiff alleges that the policies and practices of the Defendant Sheriff required that she be restrained to her bed during labor.

However, the uncontroverted evidence shows that Plaintiff was not restrained while she was in active labor, nor was she restrained during the birthing process itself. Further, she was not fully restrained after the birth when she was feeding her newborn. Because Plaintiff fails to

---

[1] Due to a clerical error, notice was incorrectly given that Assistant State's Attorney Patrick Smith was to be removed from the case. ASA Smith's removal from several other cases was correct, however, he will continue to be lead defense counsel for this case. If necessary, an amended notice reflecting this fact can be filed.

state a claim for deprivation of her Constitutional rights, this Court should grant summary judgment in favor of both Defendants.

## STATEMENT OF FACTS

On August 9, 2008, Plaintiff Danielle Bryant was lawfully remanded to the custody of Defendant Sheriff of Cook County and detained in the Cook County Jail.  (56.1(a), 1-2, 7; Compl., Ex. 1, ¶ 2-3; Defs'. Req. to Admit, Ex. 2, ¶¶ 1-3.)  Plaintiff was charged with theft of $545 in a hospital where she was receiving pre-natal care.  (56.1(a), 7-8; Compl., Ex. 1, ¶ 2; Defs'. Req. to Admit, Ex. 2, ¶¶ 1-3; Dep. of Bryant, Ex. 3 at 15, Lines 12-22.)  Plaintiff was about eight months pregnant at the time she was admitted to the Jail.  (56.1(a), 7; Compl., Ex. 1, ¶ 2; Defs'. Req. to Admit, Ex. 2, ¶¶ 1-3.)  After being housed in the Jail for about six days, Plaintiff was transferred to the Sheriff's "MOM's" program.  (56.1(a), 9; Compl., Ex. 1, ¶ 4; Defs'. Req. to Admit, Ex. 2, ¶¶ 2, 4-5.)  The "MOM's" program is an off-site housing and drug rehabilitation program.  (56.1(a), 10; Compl., Ex. 1, ¶ 4; Defs'. Req. to Admit, Ex. 2, ¶ 6.)

On September 22, 2008, Plaintiff was transported by MOM's staff to John H. Stroger Hospital.  (56.1(a), 11; Compl., Ex. 1, ¶ 5; Defs'. Req. to Admit, Ex. 2, ¶ 7.)  During transport, Plaintiff was not restrained by handcuffs or shackles of any kind.  (56.1(a), 12; Compl., Ex. 1, ¶ 5.)  When she arrived, Plaintiff was permitted to walk around part of the hospital for about six hours in order to aid dilation.  (56.1(a), 13; Defs'. Req. to Admit, Ex. 2, ¶ 8.)  Plaintiff was not shackled or restrained at any point during her active labor.  (56.1(a), 14; Defs'. Req. to Admit, Ex. 2, ¶ 9.)

After delivery of her baby, Plaintiff was generally restrained to her hospital bed until she was discharged on September 25, 2008, however, her restraints were removed whenever Plaintiff needed to use the washroom, whenever Plaintiff ate, and whenever Plaintiff's newborn was

present in the room.  (56.1(a), 16; Compl., Ex. 1, ¶ 10.)  Plaintiff suffered no physical injuries

from the restraint on her right ankle.  (56.1(a), 19; Defs'. Req. to Admit, Ex. 2, ¶ 10.)  Now she

brings this suit against the Sheriff, in his official capacity only, seeking only monetary relief.

(56.1(a), 2, 6; Compl., Ex. 1, ¶ 3, 15.)

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on

file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  In ruling on a

motion for summary judgment, the evidence of the non-movant must be believed and all

justifiable inferences must be drawn in the non-movant's favor.  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986).  This court's function is not to weigh evidence and determine the truth

of the matter, but to determine whether there is a genuine issue for trial.  A party who will bear

the burden of proof on a particular issue at trial may not rest on the pleadings, but must

affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material

fact which requires trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  There is no issue

for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a

verdict for that party." *Anderson*, 477 U.S. at 249.

"When a motion for summary judgment is properly made and supported, an opposing

party may not rely merely on allegations or denials in its own pleading; rather, its response must

. . . set out specific facts showing a genuine issue for trial. If the opposing party does not so

respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ.

P. 56(e)(2).

## ARGUMENT

**A. Plaintiff Was Restrained After Birthing, However Her Restraint Was Not Unconstitutional.**

Plaintiff Bryant has already conceded, by judicial admission, that she was not restrained in any way during her transport from the Haymarket Center to Stroger Hospital, nor during her labor and childbirth at Stroger Hospital.  (56.1(a), 12-14; Compl., Ex. 1, ¶ 5; Defs'. Req. to Admit, Ex. 2, ¶¶ 8-9.)  The only restraint that remains in her complaint is the application of one ankle cuff and one handcuff to the Plaintiff, except when she was feeding her newborn, after the birthing process was completed and before her discharge.  (56.1(a), 16; Compl., Ex. 1, ¶ 10.)

"In order to state a claim under [42 U.S.C.] § 1983, a plaintiff must sufficiently allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010).  Defendants concede that, for purposes of this litigation, Sheriff Dart and his on-duty employees acted under color of state law at all relevant times.  *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003).  However, the evidence shows that Plaintiff is unable to state a claim under Section 1983.  Plaintiff does not claim that the restraints applied to her after delivery resulted in a denial of necessary medical care.  *Cf. Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  She only claims that the restraints caused minor physical and unknown mental discomfort.

The Eighth Amendment prohibits punishment of convicted prisoners only when it rises to the level of "cruel and unusual," however, the Due Process Clauses of the Fifth and Fourteenth Amendments afford greater protections to pre-trial detainees, such as the Plaintiff here.  *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979); *see also Ingraham* v. *Wright*, 430 U.S. 651, 671-672, n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth

Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."); *May v. Sheahan* 226 F.3d 876, 884 (7th Cir. 2000) ("The Due Process Clause of the Fourteenth Amendment prohibits the use of bodily restraints in a manner that serves to punish a pre-trial detainee.").

"[I]njury caused by a justified deprivation [of due process], including distress, is not properly compensable under §1983." *Carey v. Piphus*, 435 U.S. 247, 263 (1978).  In *May v. Sheahan*, the Seventh Circuit set forth a test for due process rights of pre-trial detainees as they relate to restraints; "[t]he use of bodily restraints constitutes punishment in the constitutional sense if their use is not rationally related to a legitimate non-punitive government purpose or they appear excessive in relation to the purpose they allegedly serve." *May*, 226 F.3d 876, 884 (7th Cir. 2000) (citing *Wolfish*, 441 U.S. at 561).

 1.  **The post-natal restraints applied to Defendant Bryant were rationally related to a legitimate non-punitive government purpose.**

"Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention." *Wolfish*, 441 U.S. at 537.

Whether or not restraints could be proper for every pregnant or post-natal detainee, they were clearly appropriate in the case of Plaintiff Bryant.  Plaintiff Bryant was in the custody of the Defendant Sheriff (on orders from a state criminal judge based on appropriate findings of probable cause and risk of flight) solely because she was charged with committing theft in a hospital where she was receiving pre-natal care.  (56.1(a), 8; Dep. of Bryant, Ex. 3 at 15, Lines 12-22.)

5

Plaintiff's willingness to commit criminal acts in a hospital, while approximately eight months pregnant, created ample, non-punitive justification for the Sheriff to restrain her movements at Stroger Hospital after she completed giving birth. The post-natal restraints served to protect other patients and staff at the hospital from crimes the Plaintiff may have otherwise committed. Additionally, Plaintiff's histories of bail violations demonstrate unwillingness, or inability, to consistently heed the lawful orders of officials in the criminal justice system. (56.1(a), 22; Pl's. Crim. Hist. Rep., Ex. 6.) Restraints were appropriate to prevent her escape from custody as well.

2. **The post-natal restraints applied to Plaintiff were not apparently excessive in relation to the purpose they allegedly served.**

Between the completion of the birthing process and her discharge from Stroger Hospital, Plaintiff was, at the most severe, restrained to her hospital bed by one handcuff on her right wrist, and one ankle cuff on her right ankle. (56.1(a), 16; Compl., Ex. 1, ¶ 10.) The handcuff was removed each time Plaintiff needed to feed her newborn. Plaintiff does not specifically allege that such restraints were more than was necessary to prevent her from fleeing or committing additional crimes in the hospital.

Even though Plaintiff had recently given birth, the application of one cuff to her wrist and ankle was not excessive for the purpose of preventing her escape or commission of additional crimes. Plaintiff had already demonstrated her ability to commit theft while in a hospital and eight months pregnant. (56.1(a), 7-8; Compl., Ex. 1, ¶ 2; Defs'. Req. to Admit, Ex. 2, ¶¶ 1-3; Dep. of Bryant, Ex. 3 at 15, Lines 12-22.)

Although the actions and policies of Defendant Sheriff must comport with the Constitution, jail administrators and staff are generally given wide latitude to make appropriate policies and determinations regarding the status and treatment of inmates. *See Overton v.*

*Bazzetta*, 539 U.S. 126, 132 (2003); *Block v. Rutherford*, 468 U.S. 576, 584-85 (1984) (courts should defer to "expert judgment" of prison authorities) (quoting *Wolfish*, 441 U.S. at 540-41); *see also Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977) (courts should defer to decisions of prison officials); *Pell v. Procunier*, 417 U.S. 817, 827 (1974) (courts should defer to prison administrators' adoption and implementation of policies needed to ensure order and security).

*May* does not require the Sheriff to use the least restrictive means necessary to effect legitimate non-punitive government purposes; rather, *May* only requires that the measures taken be less than "excessive." *May v. Sheahan* 226 F.3d at 884 (7th Cir. 2000). In Plaintiff's case, the application of a single handcuff (removed when feeding her newborn) and one ankle cuff on the same side of the body were not excessive given her criminal history and her history of jumping bail. Accordingly, Plaintiff does not state a Due Process violation necessary to state a claim under 42 U.S.C. § 1983.

### B. Defendant Sheriff Did Not Violate Illinois Law because Plaintiff Was Not Restrained During Transport or Labor.

Plaintiff states a pendant claim under Illinois state law. (56.1(a), 4; Compl., Ex. 1, ¶¶ 1, 12.) If this Court dismisses her Section 1983 claim, then it should decline to exercise jurisdiction over her state law claim. 28 U.S.C. § 1367(c)(3). In the alternative, this Court should grant summary judgment to the Defendants on Plaintiff's state law claim for failure to state a cause of action.

Illinois law forbids the shackling of a detainee while she is in labor and during transit to a hospital for purposes of delivering her child. The relevant Illinois statute, 55 ILCS 5/3-15003.6, titled "Pregnant Female Prisoners," provides, in pertinent part:

> Notwithstanding any other statute, directive, or administrative

> regulation, when a pregnant female is brought to a hospital from a County Department of Corrections Facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby.  Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor.  Upon the pregnant female prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room.  The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

By its plain terms, Section 5/3-15003.6 does not prohibit post-natal restraints in any way.

Defendant Sheriff's official policy complies with Illinois law.  Sheriff's External Operations Policy EO-32 states, "In accordance with Illinois Statute 730 ILCS 125/17.5[2] (Pregnant Female Prisoners) **NO** handcuffs, leg irons or waist chains shall be used on a female inmate (detainee) who is in labor, this includes while being transported to the medical facility." (Ex. 4.) (emphasis in original).

Plaintiff alleges that Defendant Sheriff has "failed and or refused to implement the above referred Illinois statute."  Plaintiff's allegations are without merit.  The Sheriff's policy expressly forbids the shackling of detainees who are in labor, in accordance with Illinois law. To show a violation of Section 5/3-15003.6, Plaintiff must show that Defendant Sheriff (1) restrained Plaintiff while she was being transported to the hospital for purposes of delivering her child or (2) shackled her with leg irons or shackles or waist shackles while she was in labor.

---

[2] Sheriff's Policy EO-32(D)(1) (Ex. 4) cites to 730 ILCS 125/17.5 while Plaintiff's complaint cites to 55 ILCS 5/3-15003.6.  Section 125/17.5 applies to "county jail[s]" while Section 5/3-15003.6 applies to "county department[s] of corrections."  However, the operative language applied to each type of facility is completely identical. Both sections were enacted in Public Act 91-253, 1999 Ill. Laws 253, which also imposed the same regulations on state prisons. *See* 730 ILCS 5/3-6-7.  Whether the Cook County Jail is a "county jail" or "county department of corrections" for purposes of these laws is not relevant to this case because identical statutory conditions apply either way.

1.  Defendant Sheriff Did Not Restrain Plaintiff During Transit to John Stroger Hospital.

Plaintiff Bryant is unable to state a claim for violation of her state-law right to be unrestrained during transportation to the hospital because she already admitted in her Complaint that she was not restrained during transport.  (56.1(a), 12; Compl., Ex. 1, ¶ 5.)

Plaintiff's admission that she was not shackled during transport to the hospital demonstrates that Defendant Sheriff complied with Sheriff's External Operations Policy EO-32, which is in compliance with 55 ILCS 5/3-15003.6.  Because Plaintiff cannot present a genuine issue of material fact to demonstrate that she was restrained during transit to the hospital, she is unable to present a genuine issue of material fact to show that Defendant Sheriff violated 55 ILCS 5/3-15003.6.

2.  Defendant Sheriff Did Not Restrain Plaintiff While She Was In Active Labor.

Defendant Sheriff did not violate Illinois law because Plaintiff was not restrained during active labor.  (56.1(a), 14; Defs'. Req. to Admit, Ex. 2, ¶ 9.)  Plaintiff must present a genuine issue of material fact demonstrating that she was shackled during labor in violation of both Sheriff's External Operations Policy EO-32 and 55 ILCS 5/3-15003.6.

Plaintiff admits that she was not shackled during her active labor.  (56.1(a), 14; Defs'. Req. to Admit, Ex. 2, ¶ 9.)  Plaintiff's admission that she was not restrained during transport to the hospital is conclusively established for the purpose of this litigation pursuant to Rule 36(b). Plaintiff's admission that she was not shackled during active labor, (56.1(a), 14; Defs'. Req. to Admit, Ex. 2, ¶ 9.), demonstrates that Defendant Sheriff complied with Sheriff's External Operations Policy EO-32 and 55 ILCS 5/3-15003.6.  Plaintiff must present a genuine issue of material fact to show that she was shackled during labor in order to show a violation of 55 ILCS 5/3-15003.6.  Because Plaintiff cannot present any genuine issue of material fact to demonstrate

that she was restrained during transit to the hospital, she is unable to present a genuine issue of material fact to show that Defendant Sheriff violated 55 ILCS 5/3-15003.6.

### C.  Plaintiff Did Not Suffer Any Injuries Which Entitle Her To Recover

In the alternative, if this Court finds that there are genuine issues of material fact regarding Plaintiff's Section 1983 or state law claims, Defendants are still entitled to summary judgment because the Plaintiff cannot recover for her alleged injuries.

There is no genuine issue of material fact as it relates to any compensable injury as a result of Plaintiff's claimed constitutional or Illinois law violations.  Plaintiff Bryant alleges that she felt "great emotional and physical pain and suffering."  (Compl., Ex. 1, ¶14.)  However, Plaintiff admitted that she suffered no injury to her right ankle, the only ankle that was allegedly retrained after the birth and the joint that generally remained restrained even when her newborn was present.  (56.1(a), 19; Defs'. Req. to Admit, Ex. 2, ¶ 10.)

"A 'tort' has been defined broadly as a 'civil wrong, other than breach of contract, for which the court will provide a remedy in the form of an action for damages.'"  *United States v. Burke*, 504 U.S. 229, 234 (1992).  "The basic purpose of a § 1983 damages award is to compensate persons for injuries caused by the deprivation of constitutional rights."  *Carey v. Piphus*, 435 U.S. 247 (1977).  "The [Supreme Court] implicitly has recognized the applicability of [the principle of compensation for injury caused to plaintiff by a defendant's breach of duty] to actions under § 1983 by stating that damages are available under that section for actions 'found… to have been violative of… constitutional rights *and to have caused compensable injury*.'"  *Id*. (emphasis in original) (quoting *Wood v. Strickland,* 420 U.S. 308, 319 (1975)).  Although mental and emotional distress can be caused by a constitutional violation under § 1983 neither "the likelihood of such injury nor the difficulty of proving it is so great as to justify

awarding compensatory damages without proof that such an injury was actually caused." *Id*. at 264.

Plaintiff has not presented evidence that she suffered any physical injury as a result of her restraint by Defendants.  Without alleging physical injury, Plaintiff must rely on proof of her emotional injury.  *See id*. at 264.  Plaintiff vaguely alleges "great emotional . . . pain and suffering." (56.1(a), 18; Compl., Ex. 1, ¶ 14; Defs'. Req. to Admit, Ex. 2, ¶ 12.)  Plaintiff did not seek any professional treatment for her claimed emotional injury.  (56.1(a), 18; Compl., Ex. 1, ¶ 14; Defs'. Req. to Admit, Ex. 2, ¶ 12.)  Indeed, Plaintiff has not produced any evidence to demonstrate that she did, in fact, suffer any emotional pain and suffering.  *Carey* demands that Plaintiff offer proof of her emotional injury caused by the alleged violation of her constitutional rights in order to recover.  435 U.S. at 264.  Plaintiff has offered no such evidence.  As such, she may not recover any damages for her alleged violations.

## CONCLUSION

For the reasons stated above, there are no genuine issues of material fact that would allow Plaintiff to recover at trial.  Plaintiff is unable to state a claim under 28 U.S.C. § 1983 because, as a matter of law, the post-natal restraints applied to Plaintiff did not violate her rights under the Due Process Clause of the Fourteenth Amendment.  Further, Plaintiff has admitted that she was not shackled during active labor or during transit to the hospital and, therefore, is unable to show that there is a genuine issue of material fact as it relates to her state law claim.  Accordingly, this Court should grant Defendants' Motion for Summary Judgment, order Plaintiff to pay Defendants' reasonable attorney's fees, and order such other relief that is just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:   /s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th Flr.
Chicago, Il 60602
(312) 603-1422