IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 1546 |
| | ) | |
| v. | ) | Judge: Joan B. Gottschall |
| | ) | |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' LOCAL RULE 56.1(a)(3) STATEMENT

NOW COME the Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, by their attorney Anita Alvarez, State's Attorney of Cook County, by and through her assistant, Patrick Smith, and, pursuant to Local Rule 56.1(a)(3), state the following undisputed facts in support of their Motion for Summary Judgment:

### PARTIES

1. **Non-Movant**: The Plaintiff in this action is Danielle Bryant, an adult female residing in the Northern District of Illinois. (Compl., Ex. 1, ¶ 2.)

2. **Movants**: The Defendants in this case are Thomas J. Dart and Cook County, Illinois. Thomas J. Dart is the current, duly elected sheriff of Cook County. Sheriff Dart is being sued solely in his official capacity as the Sheriff of Cook County. The Sheriff's office, under Dart's direction, operates the Cook County Department of Corrections facility at 26th Street and South California Avenue in Chicago, Illinois (the Cook County Jail). Cook County is a body politic, organized under the laws of the State of Illinois, and is joined as a necessary party pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). (Compl., Ex. 1, ¶ 3).

1

## VENUE AND JURISDICTION

3. Venue is proper in this Court because all parties are residents of, or physically located within, the Northern District of Illinois; the alleged acts and omissions relevant to this litigation occurred in the Northern District of Illinois; and all witnesses to the events relevant to this litigation worked or resided in the Northern District of Illinois at the time the alleged cause of action arose. None of the parties object to venue in this Court. (Compl., Ex. 1, ¶¶ 2-5, 10.)

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and 55 ILCS 5/3-15003.6. Jurisdiction over Plaintiff's § 1983 claim is conferred on this Court by 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction over Plaintiff's state law claim solely by operation of 28 U.S.C. § 1367(a). (Compl., Ex. 1, ¶¶ 1, 12.)

## ACTS, EVENTS, AND OMISSIONS

5. Plaintiff filed this complaint on March 12, 2009 claiming violations of her rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and a pendant claim alleging violation of her rights secured by state law, namely 55 ILCS 5/3-15003.6. (Compl., Ex. 1, ¶¶ 11-14.)

6. Plaintiff seeks only monetary damages. (Compl., Ex. 1, ¶ 15.)

7. On August 9, 2008, Plaintiff was lawfully remanded to the Cook County Jail on charges accusing her of stealing $545. Plaintiff was about eight months pregnant at the time she was admitted to the Jail. (Compl., Ex. 1, ¶ 2; Defs'. Req. to Admit, Ex. 2, ¶¶ 1-3.)

8. Plaintiff's theft of $545 occurred at a hospital where she was receiving pre-natal care. (Dep. of Bryant, Ex. 3 at 15, Lines 12-22.)

9. Upon entering the Jail, Plaintiff was housed in Division 3. She remained in Division 3 for six days and was then transferred to the Sheriff's "MOM's" Program. At no point, while in

Division 3, was Plaintiff handcuffed or shackled, nor did she file any administrative grievances relating to her treatment therein. (Compl., Ex. 1, ¶ 4; Defs'. Req. to Admit, Ex. 2, ¶¶ 2, 4-5.)

10. The "MOM's" Program is a residential drug treatment program for pre-trial detainees run by the Haymarket Center, in coordination with the Sheriff, outside of the Jail. (Compl., Ex. 1, ¶ 4; Defs'. Req. to Admit, Ex. 2, ¶ 6.)

11. On September 22, 2008, Plaintiff was taken by Haymarket Center staff to John H. Stroger Hospital for the purpose of delivering her child. (Compl., Ex. 1, ¶ 5; Defs'. Req. to Admit, Ex. 2, ¶ 7.)

12. While traveling to Stroger Hospital, Plaintiff was not handcuffed or shackled. (Compl., Ex. 1, ¶ 5.)

13. On arriving at Stroger Hospital, from about 12:30 p.m. to 6:30 p.m. on September 22, 2008, Plaintiff was permitted and able to walk around the hospital's triage floor in order to aid in dilation. (Defs'. Req. to Admit, Ex. 2, ¶ 8.)

14. Plaintiff was not shackled at any point during her active labor on September 23, 2008. (Defs'. Req. to Admit, Ex. 2, ¶ 9.)

15. Plaintiff gave birth to a healthy baby around 8:00 a.m. on September 23, 2008. (Compl., Ex. 1, ¶ 8; Defs'. Req. to Admit, Ex. 2, ¶ 11.)

16. After Plaintiff gave birth, until her discharge from Stroger Hospital, she was generally restrained to her hospital bed by an ankle cuff and a handcuff, except the handcuff was removed whenever she was feeding her newborn. (Compl., Ex. 1, ¶ 10.)

17. Plaintiff has no documentation to show that she was not a flight-risk at the time she was at Stroger Hospital, nor does Plaintiff know of the existence of any such documentation. (Defs'. Req. to Admit, Ex. 2, ¶ 19.)

18. Although she claims "great emotional . . . pain and suffering," Plaintiff has never sought psychological treatment from a licensed medical professional for a serious psychological condition relating to her giving birth on September 23, 2008. (Compl., Ex. 1, ¶ 14; Defs'. Req. to Admit, Ex. 2, ¶ 12.)

19. Plaintiff's right ankle was not injured by her shackle. (Defs'. Req. to Admit, Ex. 2, ¶ 10.)

20. Defendant Sheriff's written policy, effective during the relevant time period, was in full compliance with state law regarding the restraining of pregnant pre-trial detainees. The policy itself cited the relevant law.[1] (Ext. Ops. Hosp. Policy and Procedure No. EO-32(D)(1), Ex. 4.)

21. After filing this action, Plaintiff, by her attorneys, opted-out of the then-pending (now-certified) class of women included in *Zaborowski v. Dart*, 08-cv-6946 (N.D. Ill.) (St. Eve, J.). (*Zaborowski* Dkt. 46, Pls'. Reply in Support of Class Certification, Ex. 5, at 13 n.2.)[2]

22. Since March 2000, Plaintiff forfeited bail bonds in state criminal cases against her on five separate occasions. (Pl's. Crim. Hist. Rep., Ex. 6.)

---

[1] Sheriff's Policy EO-32(D)(1) (Ex. 4) cites to 730 ILCS 125/17.5 while Plaintiff's complaint cites to 55 ILCS 5/3-15003.6. Section 125/17.5 applies to "county jail[s]" while Section 5/3-15003.6 applies to "county department[s] of corrections." However, the operative language applied to each type of facility is completely identical. Both sections were enacted in Public Act 91-253, 1999 Ill. Laws 253, which also imposed the same regulations on state prisons. *See* 730 ILCS 5/3-6-7. Whether the Cook County Jail is a "county jail" or "county department of corrections" for purposes of these laws is not relevant to this case because identical statutory conditions apply either way.

[2] Plaintiff Bryant's attorneys, Thomas Morrissey and Kenneth Flaxman, are sole counsel for Plaintiffs Zaborowski and Jackson in *Zaborowski v. Dart*, and are also sole counsel for the certified class in that case.